No. 43,641

W. E. WILKERSON, *Appellant*, v. ROBERT EUGENE LAWRENCE, *Appellee*.

(391 P. 2d 997)

Opinion filed May 9, 1964.

*A. D. Weiskirch,* of Wichita, argued the cause and was on the briefs for the appellant.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson,* and *David W. Buxton,* all of Wichita, were with him on the brief for the appellee.

*Hugo T. Wedell,* of counsel.

The opinion of the court was delivered by

WERTZ, J.: This was an action for personal injuries suffered as a result of an automobile collision. Plaintiff's cause of action was against eight defendants, among whom were Robert Eugene Lawrence, Saudy Lawrence and Carl Bartelmei. At the trial plaintiff dismissed against all defendants except defendant (appellee) Robert Eugene Lawrence.

The petition alleged in pertinent part that Robert Eugene Lawrence, hereinafter referred to as defendant, was at all times pertinent engaged in an enterprise of developing and constructing homes in Greenbriar Manor, a subdivision in Wichita; that at all times material Saudy Lawrence and Carl Bartelmei were agents, servants

and employees of the defendant working within the scope of their authority; that Carl Bartelmei was the owner of an automobile pulling a four-wheeled trailer used for hauling materials in the construction work on the Greenbriar Manor property; that the trailer was connected to the automobile by a drawbar; that Bartelmei was riding in the front seat of the automobile being driven by Saudy Lawrence; that as the automobile and trailer were about to pass an automobile being driven by plaintiff (appellant) W. E. Wilkerson said trailer became detached from the automobile being driven by Saudy Lawrence, crossed the highway, directly striking the side of plaintiff's automobile, resulting in serious injuries to the plaintiff.

The petition further alleged certain facts of negligence on the part of defendant's agents Saudy Lawrence and Carl Bartelmei: (1) in attaching the trailer to the automobile in a negligent and unlawful manner; (2) the hitch used was defective, dangerous and worn and inadequate for the use to which it was put; (3) the automobile and trailer were being driven at a rate of speed greater than was careful and prudent, considering the condition of the road and the travel thereon; (4) the trailer did not properly trail the automobile, and by reason of the improper hitch connection the trailer zigzagged back and forth across the center of the highway and was dangerous to oncoming vehicles; (5) at the rate of speed the automobile was being driven by Saudy Lawrence said trailer could not be controlled by the driver of the automobile after the drawbar became loose from the ball to which the hitch was fastened; (6) that at the time and place the automobile towing the trailer was being driven by Saudy Lawrence on the street in a westerly direction partially on and off of his right side of the road as it was about to pass plaintiff's vehicle; and (7) that all such acts of negligence were the proximate cause of plaintiff's injuries.

The defendant, by way of a verified answer, denied that either Saudy Lawrence or Carl Bartelmei was his agent, and set up contributory negligence on the part of the plaintiff. Plaintiff replied to the new matter by way of a general denial.

While the action was pending, plaintiff entered into a covenant not to sue with Bartelmei whereby plaintiff agreed to hold Bartelmei and his insurance carrier harmless from any liability resulting from the accident but expressly reserved his right to proceed with

litigation against all other defendants, including Robert Eugene Lawrence and Saudy Lawrence; reserved any and all actions, rights of action, claims or demands against all defendants other than Bartelmei; and specifically reserved his right to proceed with his action and prosecution thereof against all defendants other than Bartelmei until final judgment.

The defendant then filed an amendment to his answer setting up the Bartelmei settlement document as a bar to plaintiff's right to recover against the defendant for the imputed negligence of Bartelmei, but did not seek to avoid responsibility for the imputed negligence, if any, of Saudy Lawrence on the basis of the Bartelmei release. The material portion of plaintiff's reply to the amended answer denied all new matter.

The case came on for trial March 26. A jury was impaneled and sworn to try the cause. In his opening statement to the jury counsel for plaintiff incorporated the allegations of plaintiff's petition; iterated the fact that Saudy Lawrence was the son of the defendant and the driver of the automobile to which the trailer was attached; explained that the court would instruct the jury concerning the duty of the driver of an automobile pulling a trailer on a highway; and referred to Bartelmei's negligence as set forth in plaintiff's petition. Defendant's counsel then moved for a determination of issues of law pursuant to G. S. 1949, 60-2901.

At the hearing before the court on the issues of law it was defendant's contention the plaintiff's opening statement made it perfectly clear plaintiff would adhere to the legal position the Bartelmei settlement and covenant not to sue did not preclude recovery against the defendant based upon the imputed negligence of Bartelmei. Plaintiff contended that while he was attempting to recover against Lawrence, based upon the imputed negligence of Bartelmei, he also, by his pleadings and opening statement to the jury, sought to recover against defendant on the basis of the negligence of defendant's agent Saudy Lawrence. The court had before it the pleadings and the opening statement of plaintiff's counsel. In plaintiff's counsel's discussion he invited the court's attention to the covenant not to sue wherein plaintiff expressly reserved any and all actions that he might have against all defendants other than Bartelmei. Plaintiff's counsel also advised the court that a release of one party jointly liable does not bar an action against others liable unless it was a general release without reservations.

At the conclusion of the discussion on the mentioned motion the trial court found that upon the theory of plaintiff's petition and opening statement he proposed to disclose evidence which would establish the negligence of Bartelmei and that he intended to establish the liability of the defendant on the theory that defendant is liable for such negligence under the doctrine of respondeat superior. The trial court held that the covenant not to sue entered into between plaintiff and Bartelmei barred plaintiff's right to recover against the defendant based on Bartelmei's negligence under the authority of *Jacobson v. Parrill*, 186 Kan. 467, 351 P. 2d 194, and entered judgment for the defendant and discharged the jury.

The plaintiff filed a motion for a new trial wherein he invited the court's attention to the fact that in his petition and opening statement he sought to recover against the defendant also on the theory of defendant's agent Saudy Lawrence's negligence. In overruling the plaintiff's motion for a new trial, the court stated that after plaintiff's opening statement to the jury had been made and the various contentions and arguments had on the motion to determine questions of law in advance of trial there was no indication any evidence was to be offered to show defendant's negligence by reason of the negligence of his son Saudy; therefore, plaintiff had waived his right to recover from defendant based on Saudy Lawrence's negligence.

From the mentioned order, plaintiff has appealed.

We are of the opinion the trial court placed too strict a construction and interpretation on the pleadings and opening statement of plaintiff's counsel and on the statements made at the hearing on the motion to determine questions of law in advance of trial. As heretofore related, the plaintiff made his petition a part of his opening statement and in that petition sought to recover judgment against the defendant based upon the negligence of both of the defendant's agents, Saudy Lawrence and Bartelmei. In addition to the pleadings, plaintiff's counsel, in his opening statement, again stated that Saudy Lawrence, as agent of the defendant, was the driver of the automobile with the trailer attached, and the son of the defendant; and at the hearing on the motion to determine questions of law in advance of trial again invited the court's attention to the fact that in entering into the covenant not to sue with Bartelmei he reserved all rights of action against the remaining defendants, which included Saudy Lawrence.

It has been a long-standing rule of this court that opening state-

ments of counsel are generally no more than outlines of anticipated proof, and not intended as a complete recital of the facts to be produced on contested issues. Judgment should not be entered on such statements unless they are understandingly and completely made and the facts so stated absolutely preclude a recovery or a proposed defense. Where there is doubt or ambiguity in the opening statement, the party is entitled to the presumption he did not intend to make an admission that would be fatal to his cause. The pleadings, and not the statements of counsel, make the issues, and no matter how deficient a statement may be from an artistic standpoint, or what its shortcomings may be in the estimation of the critical attorney on the other side, the court is not authorized to end the case because of them unless some fact be clearly stated or some admission be clearly made which evidence relevant under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery. (*Hengel v. Thompson,* 176 Kan. 632, 272 P. 2d 1058.)

We are of the opinion that plaintiff's counsel did not at any time waive the right to recover against the defendant on the ground of Saudy Lawrence's negligence. Therefore, the judgment of the trial court is affirmed insofar as it holds that the plaintiff is barred from recovering against the defendant due to the negligence of Bartelmei (*Jackson v. Parrill,* supra) and is reversed insofar as it holds that the plaintiff waived his right to recover against the defendant based upon the negligence, if any, of Saudy Lawrence.

It is so ordered.