No. 46,757

WILLIAM FROELICH, *Appellant,* v. SYD WERBIN, *Appellee.*

(509 P. 2d 1118)

Opinion filed May 12, 1973.

*Jim Lawing,* of Jim Lawing, Chartered, of Wichita, argued the cause and was on the brief for the appellant.

*Robert W. Kaplan,* of Kaplan, McMillan & Anderson, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from the trial court's order dismissing an action to recover damages for an alleged invasion of plaintiff's privacy by defendant.

The record on appeal consists only of plaintiff's abbreviated petition, the defendant's motion to dismiss and the journal entry of the trial court's ruling, which does not set forth the legal principles controlling the decision as required by Supreme Court Rule No. 116 (209 Kan. xxxviii)—an omission which complicates our consideration on appellate review.

The nub of plaintiff's claim is set out in paragraphs two and three of his petition which read as follows:

"2. On or about October 21, 1968, the defendant while plaintiff was a patient at the St. Francis Hospital, caused his privacy to be intruded upon, and, by this intrusion and invasion of privacy, procured from the plaintiff samples of his hair which were subsequently subjected to laboratory testing.

"3. The aforesaid intrusion caused mental distress and injury to the plaintiff."

Plaintiff further alleged that the actions of defendant were malicious and that plaintiff was entitled to recover punitive as well as general damages. Plaintiff prayed for damages, both general and punitive, and for return of the hair samples plus any laboratory report concerning them.

Defendant responded to plaintiff's petition by filing a motion

to dismiss under K. S. A. 1972 Supp. 60-212 (b). The motion was based on two grounds, failure to join a necessary party and res judicata. When presented to the administrative judge of the district court of Sedgwick County, the court announced the motion would be taken under advisement until determination of a companion case then pending in another division of the district court. The companion case referred to is entitled *William Froelich, Plaintiff, v. Burneta Adair, Defendant.* The trial was to the court and terminated in a judgment in favor of the defendant (Adair). That judgment has been appealed to this court. Thereafter, in the insant case, defendant (Werbin) refiled his motion to dismiss which reads:

COMES NOW, defendant SYD WERBIN, and moves the Court for an Order of Dismissal herein pursuant to K. S. A. 1970 Supp. 60-212 (b) (7), and K. S. A. 1970 Supp. 60-219 (b), for plaintiff's failure to comply with the provisions of K. S. A. 1970 Supp. 60-219 (a) and 60-219 (c) in neither joining nor pleading the reason for not joining all persons needed for just adjudication herein.

"Defendant states that plaintiff has initiated a separate action arising from the same alleged facts and circumstances as the instant action and that multiplicity of litigation and third party pleading under K. S. A. 1970 Supp. 60-214 will result unnecessarily if the plaintiff is allowed to proceed upon the same alleged cause of action in two separate proceedings.

"Defendant further states to the Court that a companion case arising from the same alleged facts and circumstances as the instant action has been tried and determinations and findings of fact therein made in the District Court of Sedgwick County, Kansas, and that certain other maters (*sic*) now plead by the plaintiff in support of his cause of action herein are res judicata."

As previously indicated, the trial court sustained defendant's motion without specifying the ground on which it based its ruling. On appeal plaintiff takes the position that neither of the grounds asserted in defendant's motion warranted dismissal of his action. On the record before us we are compelled to agree with the position taken by plaintiff.

Plaintiff argues that defendant and Adair were involved in a series of events that led to the alleged invasion of privacy; that they were jointly and severally liable to plaintiff and may be joined in one action or sued separately at his option under K. S. A. 1972 Supp. 60-220. In his brief plaintiff says:

". . . It was appellee [Werbin] who delivered the hair to Adair for subsequent analysis. Adair certainly consented to the taking of the hair and adopted or ratified appellee's action but this is not the nature of the instant case. The issue is whether or not appellee's actions gave rise to a cause of action maintainable by the appellant against the appellee. No other party is

necessary to this determination and no other party will be affected by the result. This result is true in all actions involving joint and several liability."

Defendant, on the other hand, asserts that this is not a case of permissive joinder, but that Mrs. Adair is a "contingently necessary" party under the provisions of K. S. A. 1972 Supp. 60-219 (*a*), and, thus, since no reason was alleged for nonjoinder as required by 60-219 (*c*), plaintiff's action is subject to dismissal on motion pursuant to K. S. A. 1972 Supp. 60-212 (*b*) (7).

K. S. A. 1972 Supp. 60-219 provides for the joinder of persons needed for the just adjudication of an action. Subsection (*a*) provides that whenever a "contingently necessary" person is subject to service of process he shall be joined as a party in the action. The characteristics of a contingently necessary party are set forth as follows:

"A person is contingently necessary if (1) complete relief cannot be accorded in his absence among those already parties, or (2) he claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action in his absence may (*i*) as a practical matter substantially impair or impede his ability to protect that interest or (*ii*) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Subsection (*b*) sets out guidelines for the procedure to be followed and the determination to be made by the court when a contingently necessary person cannot be made a party.

K. S. A. 1972 Supp. 60-219, as it now appears, follows closely the 1966 revision of Federal Rule 19 (7 Wright & Miller, Federal Practice and Procedure: Civil, Joinder of Persons; and 28 U. S. C. A., Federal Rules of Civil Procedure, Rule 19 [a], [b].) In 2 Vernon's Kansas Statutes Annotated, Code of Civil Procedure, [§ 60-219, 1973 Pocket Parts by FOWKS], the author observes:

"This rule has been completely revised with the result that the time-honored categories of 'indispensable,' 'necessary' and 'proper' have been discarded and 'contingently necessary' persons substituted in their place. The new rule follows closely the 1966 revision of Federal Rule 19." (p. 38.)

Although mentioned in a discussion of the revision of our joinder statutes in *McGregor v. Turner*, 205 Kan. 386, 469 P. 2d 324, the revised version of 60-219 has not been considered by this court with respect to the question posed in the instant case. After examining federal cases and commentaries dealing with the rule, we have concluded that Mrs. Adair (defendant in the companion case) does not fall into the posture of a "contingently necessary" party

within either of the categories spelled out in our 60-219 (*a*), which are the same as the joinder standards recited in Federal Rule 19 (*a*), (1) and (2).

Restricting our consideration to the record in the instant case, Mrs. Adair's relationship to defendant could be only that of a joint tort-feasor. According to defendant's theory, because of plaintiff's allegation of agency in the companion case, Mrs. Adair is a principal in an agency relationship. Insofar as the case at bar is concerned she is not a "contingently necessary" party under either theory.

If, as defendant says, there is agency, joinder is permissive (K. S. A. 1972 Supp. 60-220) not mandatory under 60-219. The rule is stated in 53 Am. Jur. 2d, Master and Servant, § 453:

"But it is not necessary to join employer or principal and employees or agent as defendants. And the rule appears to be quite well established that a plaintiff may bring separate actions against a master and his servant or a principal and his agent, to recover for the negligence or other tort of the servant or agent, where the master's or principal's only responsibility is derivative. . . ." (p. 475.)

If, as plaintiff says, defendant and Mrs. Adair were joint tortfeasors; then, likewise, the joinder of Mrs. Adair was not compulsory under 60-219, but permissive under 60-220. In 7 Wright & Miller, Federal Practice and Procedure: Civil, § 1623, we find this comment:

"Under generally accepted principles of tort law, the liability of joint tortfeasors is both joint and several. The 1966 amendment of Rule 19 does not alter the long standing practice of not requiring the addition of joint tortfeasors. Thus, plaintiff may sue one or more of them without joining the others. . . ." (pp. 241, 242.)

See, also, *Humble Oil & Refining Company v. Harang*, 262 F. Supp. 39 (1966).

In the framework of the limited record presented herein, we are compelled to hold that joinder of Mrs. Adair as a contingently necessary party is not mandated by the provisions of 60-219 and, thus, failure to join her cannot serve as a basis for dismissal of the action under 60-212.

In support of his argument on res judicata and/or collateral estoppel defendant has appended to his brief copies of plaintiff's petition and the findings of the trial court in the companion suit against Mrs. Adair. Defendant points out that plaintiff in his petition against Mrs. Adair alleges that Werbin was an agent of Mrs. Adair. Since the trial court found for Mrs. Adair in that case, de-

fendant argues here that judgment in favor of Mrs. Adair, as principal, operates as a release of defendant as agent and, thus, forecloses plaintiff's action in the instant case. (Citing *Sade v. Hemstrom*, 205 Kan. 514, 471 P. 2d 340; and *Jacobson v. Parrill*, 186 Kan. 467, 351 P. 2d 194.) There are several reasons why defendant's position cannot be maintained. In the first place, the trial court made no finding concerning agency in the Adair case. In fact, the court made no mention of defendant Werbin whatsoever, the judgment being based solely on the premise that the evidence of Mrs. Adair's conduct was insufficient to establish a case of invasion of privacy. The court stated that the conduct of Mrs. Adair was either excusable under the circumstances, or is to be considered as an exception to the privilege of privacy. The court further concluded:

"It must be found that the evidence presented does not preponderate to show any malicious conduct on the part of the defendant toward the plaintiff."

The question of derivative liability on the part of Mrs. Adair for defendant's conduct was not mentioned—whether it was litigated we are unable to ascertain.

Neither *Jacobson* nor *Sade* support defendant's position. In *Jacobson* the plaintiff's acceptance of full satisfaction of a judgment against the active tort-feasor's (driver-agent's) estate was held to foreclose any right of action for derivative liability against the deceased's principal (also owner of the automobile), based on the same negligence of the agent-driver as was alleged in plaintiff's petition in the previous case against the estate of the deceased agent-driver. *Sade* dealt with the release of a master for derivative liability stemming from the tortious act of his servant. We held that where the liability of both master and servant arises from the tortious act of the servant, a valid release of the master operates to release the servant. No release has been given in the instant case, nor has the alleged tortious act of defendant been adjudicated. Neither *Sade* nor *Jacobson* is analogous to the instant case in the posture in which it appears before us.

Defendant was not a party to the Adair case, neither was the existence of any privity between defendant and Mrs. Adair established. Defendant would not have been bound had the judgment in Adair gone the other way. In the posture of the instant case there is no basis for defendant's assertion of collateral estoppel or res judicata.

Defendant also complains because plaintiff refused to consolidate the two cases at the trial court level. There is nothing shown in the

record concerning this matter; thus, it cannot be considered on appellate review.

On the record presented we are unable to uphold dismissal of the action on any of the grounds advanced by defendant; hence, the trial court's order must be set aside and the cause remanded.

It is so ordered.