**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GREAT PLAINS MUTUAL
INSURANCE COMPANY,

      Plaintiff - Appellant,

vs.

NORTHWESTERN NATIONAL
CASUALTY COMPANY,

      Defendant - Appellee.

No. 96-3086
(D.C. No. 94-CV-2087)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before BALDOCK, KELLY, and LUCERO, Circuit Judges.

In this diversity action, Plaintiff Great Plains Mutual Insurance Company (Great Plains) appeals from a final declaratory judgment entered in favor of Defendant Northwestern National Casualty Company (Northwestern). Great Plains sought indemnification from Northwestern for a $320,428.80 judgment entered against Great Plains' insured, David Stroberg, in an underlying personal injury action in Kansas state court. Arguing that David was covered by a Northwestern farm policy issued to his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

father, Dean Stroberg, a co-defendant in the underlying suit, Great Plains also sought to recover defense costs it incurred in defending David in that underlying action. The district court held that Great Plains was not entitled to recover because Northwestern's insurance policy did not cover David Stroberg. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

The operative facts are not in dispute. A brief review of the underlying case is helpful, however, to our determination. Daniel Smith brought the underlying personal injury action to recover for injuries he sustained to his hands which were caught in a combine owned by his employer, Dean Stroberg. At the time of the accident, David Stroberg was assisting his father in his farming operations. He and Mr. Smith were working to complete Dean Stroberg's wheat harvest. Mr. Smith sued the manufacturer of the combine on a products liability theory, and Dean Stroberg, David Stroberg, and Stroberg Equipment Company on a negligence theory. Mr. Smith alleged the Strobergs were liable for failure to provide a reasonably safe work place and reasonably safe equipment. Prior to trial, Mr. Smith settled his claims with Dean Stroberg and Stroberg Equipment Company for $172,500. After the jury was empaneled, Mr. Smith also settled his claims with the manufacturer of the combine. The settlement with Dean Stroberg expressly reserved his claims against David Stroberg, which proceeded to trial. The jury

2

found for Mr. Smith and awarded total damages of $534,148. Finding David Stroberg to be sixty percent at fault, the jury assessed damages against him in the amount of $320,428.80. The judgment was upheld by the Kansas Supreme Court in Smith v. Massey-Ferguson, Inc., 883 P.2d 1120 (Kan. 1994). Under the terms of its own insurance policy with David Stroberg, Great Plains paid the entire judgment. Great Plains then initiated this action against Northwestern.

## Discussion

In this case, Great Plains argues that David Stroberg is an insured under a policy issued by Northwestern to Dean Stroberg and Stroberg Equipment. Thus, it argues, Northwestern had a duty to defend David in the underlying suit, and now is obliged to indemnify Great Plains for the judgment and costs incurred in David's defense. Great Plains contends that there are two bases for finding coverage under Northwestern's policy with Dean Stroberg: (1) David Stroberg's liability to Mr. Smith arose out of his actions as an employee of Dean Stroberg, and (2) David Stroberg was a named insured under the policy because he was a stockholder of Stroberg Equipment. Applying the doctrine of collateral estoppel, the district court held that the issue of whether David was Dean's employee was already settled in the negative in the underlying action, thus precluding coverage on that basis. It also held that under the plain language of Northwestern's policy, coverage only extended to stockholders when acting within the scope of their

3

duties as stockholders. Since there was no allegation or evidence in the underlying action that David was acting in that capacity when Mr. Smith was injured, the district court held that Northwestern's policy did not require it to defend David on that basis.

The district court's findings of fact are not in dispute. At issue are legal determinations of coverage provided by insurance contracts entered into in Kansas. Accordingly, we review the district court's legal conclusions based on state law de novo, Magnum Foods v. Continental Cas. Co., 36 F.3d 1491, 1497 (10th Cir. 1994). We may affirm the district court on any legal ground supported by the record. United States v. Taylor, 97 F.3d 1360, 1364 (10th Cir. 1996).

### A. Employee Status

The parties spent a large portion of their briefs arguing whether David Stroberg was Dean Stroberg's employee—whether he received compensation, whether he was a volunteer or a supervisor, whether Mr. Smith regarded him as an employer or a co-employee, etc. Great Plains argues that it was not collaterally estopped from asserting David Stroberg's status as his father's employee because that issue was not settled in the underlying suit. In fact, according to Great Plains, to the extent the issue was settled, the theory of liability in the underlying litigation actually supports the conclusion that David was acting as his father's employee when Mr. Smith was injured.

We need not address the collateral estoppel issue, however, nor need we decide

4

whether David was acting as his father's employee when Mr. Smith was injured, because we arrive at the same result in this case regardless of his employment status.[1] Prior to trial, Mr. Smith entered into a settlement which "forever discharge[d] Dean O. Stroberg and Stroberg Equipment Company and their agents, servants, successors, heirs, executors, administrators, and insurors" from any and all claims arising out of the accident. Aplt. App. at 55. Under Kansas law, as clearly reflected in the terms of this settlement, the valid unconditional release of one of the parties in a master-servant relationship operates as a release to the other. Sade v. Hemstrom, 471 P.2d 340, 348 (Kan. 1970). Thus, to the extent David's liability to Mr. Smith in the underlying action was based on his status as an employee of his father, Northwestern's obligation to defend him ended when it settled any and all claims against Dean Stroberg.

Great Plains argues, however, that the settlement between Mr. Smith and Dean Stroberg expressly reserved Mr. Smith's claims against David Stroberg. It would have us construe the settlement with Dean Stroberg not as an unconditional release, but rather as a covenant not to sue, which did not release David. Thus, it argues, if David was covered by Northwestern's policy on any basis, Northwestern was obligated to defend because David was still in the case. According to Great Plains, therefore, we must still determine

---

[1] Great Plains moved to supplement its appendix to counter alleged unsupported misstatements on this issue contained in Appellee's Brief. Because this supplemental appendix contains materials not before the district court, and because the disputed allegations deal only with David Stroberg's employment status and the collateral estoppel issue, which we do not address, the motion is DENIED.

whether David was acting as an employee of his father when his negligence caused Mr. Smith's injuries. We disagree.

It is true that under Kansas law, an unconditional release by an injured party of one joint tortfeasor will release all other joint tortfeasors, while a covenant not to sue will not release the others. Atkinson v. Wichita Clinic, P.A., 763 P.2d 1085, 1087 (Kan. 1988). If an instrument clearly expresses the intent of the parties to release only one tortfeasor while reserving claims against another, it will be construed as a covenant not to sue. See id. at 1087-88. This rule, however, does not apply when joint liability is based on a master-servant or principal-agent relationship. "[I]f the principal's alleged liability is merely imputed by virtue of the alleged tortious conduct of its agent, the principal is not a 'joint tortfeasor' in terms of being an equally culpable wrongdoer. That the master is jointly liable does not make him a joint tortfeasor as the latter term is generally understood." Id. at 1087 (citing Jacobson v. Parrill, 351 P.2d 194, 199 (Kan. 1960)). Under such circumstances, there has been only one wrongful act, Sade, 471 P.2d at 347, and once the injured party accepts full satisfaction from one party, a reservation clause is of no effect because there are no claims left to reserve. Jacobson, 351 P.2d at 201. Thus, if David was Dean's employee when his negligence injured Mr. Smith, he and his father were not "joint tortfeasors" as the term is generally understood, Atkinson, 763 P.2d at 1087, and the settlement agreement could not be converted from an unconditional release to a covenant not to sue. He would in that case have been covered under Northwestern's

6

policy, but Northwestern's obligation to defend him would have ended when all claims against his father were settled.

If, on the other hand, David and Dean's negligence did not arise out of a master-servant employment relationship, the reservation clause could be given its intended effect, and the settlement could have been construed as a covenant not to sue. In that case, Mr. Smith would still have been free to pursue his claims against David. But by definition, David would not have been Dean's employee, and Northwestern would have had no obligation to defend him. This appears to have been the case in the underlying action. In any event, we need not decide David Stroberg's employment status, because any obligations Northwestern may have had to defend him on that basis ended when it settled all claims against his father.

### B.    Stockholder Status

We find Great Plains' second argument similarly without merit. The plain language of Northwestern's policy indicates that coverage is provided to Stroberg Equipment Company and "any executive officer, director or stockholder . . . while acting within the scope of his duties as such." Aplt. App. at 53. The district court found there was no evidence that David Stroberg was acting within the scope of his duties as a stockholder when Mr. Smith was injured. Great Plains argues that no such evidence is needed because Northwestern's representative admitted in a deposition that if David was

a stockholder, he was a named insured under the policy. Where its terms are clear and unambiguous, however, we deduce the meaning of a contract from the instrument itself, and do not consider extrinsic evidence. Fasse v. Lower Heating & Air Conditioning, 736 P.2d 930, 933 (Kan. 1987); Martin v. Edwards, 548 P.2d 779, 785-86 (Kan. 1976). We have reviewed the record and find no allegation or evidence that David Stroberg was acting within the scope of his duties as a stockholder when his negligence injured Mr. Smith. Accordingly, Northwestern had no obligation to defend him on that basis.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

8