No. 42,595

Fred W. Franklin, *Appellee*, v. Watkins, Inc., and Consolidated Underwriters, *Appellants*.

(370 P. 2d 405)

Opinion filed April 7, 1962.

*Glenn J. Shanahan*, of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff, Garner E. Shriver* and *Orlin L. Wagner*, all of Wichita, were with him on the brief for the appellants.

*Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner, Edmund R. Learned, James R. Barr, R. R. Barnes* and *Tyler C. Lockett*, all of Wichita, were on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is a workmen's compensation case.

Because of our disposition of the case it is unnecessary to discuss matters pertaining to the claimant's injury.

On February 10, 1960, the examiner before whom the matter was heard found that compensation must be denied on the ground that claim therefor was not made within 180 days following the date of the accident, as required by G. S. 1959 Supp. 44-520a.

The finding of the examiner was filed in the office of the compensation commissioner on February 17, 1960. That official took no action in the matter until May 25, 1960, on which date he directed that the matter be heard by a "panel" of examiners. It was heard on June 24, 1960. On July 22, 1960, the commissioner made an award in favor of claimant.

On appeal, the district court approved and adopted the findings of the commissioner, and in addition found and held:

"1. The award and decision of the Examiner, Lee R. Meador, was made and rendered on February 10, 1960. It was originally filed in the office of the Workmen's Compensation Commissioner on February 17, 1960; thereafter for reasons not appearing in the record it was shown as also being filed on April 16, 1960, and again on May 18, 1960. Following the last filing date shown on said original award, the Workmen's Compensation Commissioner did on May 25, 1960, advise parties by letter that he was not satisfied with said award and further hearings were had before a panel of Examiners in Topeka on the 24th day of June, 1960. Thereafter, and on the 22nd day of July, 1960, the Commissioner entered the decision and award appealed from.

"2. General Statutes 1949, 44-527 and 44-549 that 'The award, decision and finding of an examiner when filed in the office of the Commissioner shall be deemed to be the award, finding, decision or order of the Commissioner and shall be considered as approved unless the Commissioner shall within 20 days of the date of receipt thereof, disapprove the same in writing, notify each of the parties of his disapproval. . . .' The Commissioner did not notify the parties in writing of the disapproval of the award and decision of the Examiner within 20 days of its filing in the office of the Commissioner on February 17, 1960, nor within 20 days of its apparent refiling on April 16, 1960, but did so notify them within 20 days of its apparent third filing on May 18, 1960.

"3. Whatever irregularities occasioned the apparent triple filing at different dates of the decision and award of the Examiner in the office of the Commissioner cannot, in the light of the well established rule of construing the *Statutes* liberally in favor of the claimant, be held to preclude the Commissioner from entering the award and decision he entered on July 22, 1960, on the theory that the Commissioner did not notify the parties of the disapproval within the statutory time after the first or second filing dates shown on the Examiner's decision and award, rather than within the statutory time following the third filing date shown on said Examiner's decision and award."

Respondent employer and its insurance carrier have appealed.

G. S. 1961 Supp. 44-549, in pertinent part reads:

"The award, finding, decision or order of an examiner when filed in the office of the commissioner shall be deemed to be the award, finding, decision or order of the commissioner."

G. S. 1949, 44-527, in pertinent part reads:

"The commissioner shall accept, receipt for, and file every . . . finding, award, . . . and record and index same, and every such . . . finding, award, . . . shall be considered as approved by the commissioner and shall stand as approved unless said commissioner shall, within twenty (20) days of the date of the receipt thereof, disapprove same in writing and notify each of the parties of his disapproval, giving his reasons therefor, sending a copy of the same to each of the parties by registered mail: . . ."

Respondents vigorously contend the provisions of the above statutes mean just what they say—that—under 44-549, the award,

finding, decision or order of an examiner when filed in the office of the commissioner shall be deemed to be the award, finding, decision or order of commissioner, and that, under 44-527, such finding or award shall be considered as approved by the commissioner and shall stand as approved unless he shall within twenty days disapprove the same in writing and notify each of the parties of such disapproval, giving reasons therefor, and that such notice be given by registered mail.

In our opinion the contention is well taken and must be sustained.

The finding of the examiner was filed with the commissioner on February 17, 1960. For reasons not shown by the record the commissioner took no action whatever until May 25, 1960. The subsequent "refiling" of the examiner's finding did not alter the situation. One of the basic principles of the compensation act is that the processing of claims be handled expeditiously and determined with certainty and finality. We are not here concerned with proceedings under the review and modification statute, G. S. 1961 Supp. 44-528. Suppose, for example, an examiner makes a finding and award in *favor* of an injured workman. It is filed in the office of the commissioner but that official takes no action thereon for several months and then enters an order setting aside the finding and award of the examiner and *denying* compensation. In view of the two above-quoted statutes and the liberal construction to be given the compensation act in favor of an injured workman—could it successfully be contended that the action of the commissioner in disapproving the award by the examiner and denying compensation would be valid? The rule—which is just as broad as it is long—must be applied consistently, irrespective by whom invoked.

The finding of the examiner was not disapproved and notice thereof given within twenty days following the receipt of such finding in the office of the commissioner. Under the mentioned statutes, therefore, the finding stood as approved and became final, and the commissioner, several months later, was without authority to disapprove the same. On appeal, the district court likewise was in error.

The judgment is therefore reversed.

ROBB, J., not participating.