No. 42,595

FRED W. FRANKLIN, *Appellee*, v. WATKINS, INC., and CONSOLIDATED UNDERWRITERS, *Appellants*.

(375 P. 2d 618)

Opinion on rehearing filed November 3, 1962.

*Glenn J. Shanahan*, of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff, Garner E. Shriver, Orlin L. Wagner* and *Royce E. Wallace*, all of Wichita, were with him on the brief for the appellants.

*Cliff W. Ratner*, of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Edmund R. Learned, R. R. Barnes* and *Tyler C. Lockett*, all of Wichita, were with him on the brief for the appellee.

*George E. McCullough, W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker* and *John Carpenter*, all of Topeka, filed a brief *amicus curiae*.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case.

The examiner before whom the matter was heard denied compensation.

Upon review by the commissioner an award in favor of the workman was entered.

Upon appeal the district court upheld the award entered by the commissioner.

The employer and its insurance carrier appealed to this court and the appeal was heard in March of this year. We reversed the

judgment and our opinion is found in *Franklin v. Watkins, Inc.*, 189 Kan. 495, 370 P. 2d 405.

As shown by the opinion, the basis of our decision was that under the provisions of G. S. 1949, 44-527 (the pertinent portions of which are therein set out), the findings of the examiner, not being disapproved and notice of such disapproval not being given within twenty days following the receipt of such findings in the office of the commissioner—such findings stood as approved and became final, and the commissioner, more than twenty days later, was without authority to disapprove the same.

In deciding the case we confined ourselves to the only points raised and argued by the parties in their briefs, and to the basis of the trial court's decision as shown by the excerpts from the journal entry of judgment which are set out on page 496 of the opinion.

Be that as it may—a rehearing was granted—and the parties were directed to file additional briefs covering the question of the application of G. S. 1961 Supp. 44-549, and G. S. 1949, 44-527, to the facts of record. Additional briefs were filed and the matter was reargued at the October session.

After further consideration of the question, and of the additional briefs—which, for the first time throw any light on the specific proposition presented—we are convinced that the provisions of G. S. 1949, 44-527, apply only to final receipts and releases of liability and awards—as distinguished from an award of an examiner—and that under G. S. 1957 Supp. 44-551, the finding and decision of the examiner was subject to review and approval by the commissioner, and that the twenty-day period mentioned in G. S. 1949, 44-527, has no application to the matter involved.

To that extent, therefore, our former decision was erroneous, and the opinion is hereby withdrawn, vacated and set aside.

Concerning the other aspect of the case—whether the workman's claim was timely filed—there is evidence in the record to support the trial court's finding that it was filed within the statutory time, and such finding is binding on appeal.

Although, with respect to the statutes herein mentioned, the trial court reasoned incorrectly, its ultimate decision and judgment allowing compensation for the accidental injuries was correct, and the judgment is therefore affirmed.

ROBB, J., not participating.