. (836 P.2d 1205)

No. 66,891

ROBERT REDGATE, *Claimant/Appellant,* v. CITY OF WICHITA, *Respondent/Appellee.*

Opinion filed July 24, 1992.

*Douglas C. Hobbs* and *Natalie G. Haag,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, for appellant.

*Kendall R. Cunningham,* of Hershberger, Patterson, Jones & Roth, of Wichita, for appellee.

Before RULON, P.J., ELLIOTT and PIERRON, JJ.

RULON, J.: Robert Redgate, claimant, appeals the district court's affirmance of an order of the workers compensation director in favor of the City of Wichita, respondent.

We are asked to decide if a settlement agreement entered into by the parties and approved by an administrative law judge (ALJ) is subject to later modification pursuant to K.S.A. 1991 Supp. 44-528(a). Additionally, we must determine if grounds exist for the ALJ to modify the original settlement award by extending medical benefits to claimant. We reverse the judgment of the district court and remand the cause for further proceedings.

The facts of this case are essentially undisputed and are as follows:

On November 30, 1982, claimant was injured while at his job for the respondent. He was injured in an elevator shaft when he opened the door to step across a void and an elevator fell. The falling elevator gave him a "glancing blow." Physicians assigned Redgate a 58% impairment rating to the body as a whole.

Claimant and the respondent entered into a settlement agreement regarding compensation for claimant's injuries. The agreement was presented to a special ALJ at a hearing held July 26,

1984. Claimant appeared pro se. Both parties waived notice and consented to the claim being heard.

The ALJ asked claimant if he had agreed to accept this settlement and the benefits as provided in the settlement form, and claimant replied yes. Claimant also said he understood that by accepting the settlement, he was relinquishing any right to have his case reopened or to have the award set aside after it was entered. Claimant also understood that he had no right to have the award and judgment that would be entered that day changed or modified without the respondent's consent. Claimant acknowledged that the settlement was all he would receive and that by accepting it, he could not claim vocational rehabilitation benefits or any retraining expenses.

The ALJ then confirmed the award agreed upon by the parties. The total award was $58,096.50 payable in a single sum of $1,614.24 and weekly payments of $179.36 for 314.91 weeks. The payments would cease in August 1990. Medical payments were to remain open until the permanent partial disability benefits were paid in full according to the terms of the agreement.

In 1989, claimant asked the respondent to pay for a YMCA membership to enable him to use a sauna for lower back pain. The respondent requested that claimant see treating physician Anthony Pollock for a determination of whether the sauna was still needed. Dr. Pollock examined claimant and referred him to Dr. Hassan for complaints of headaches, pressure in his head, and memory loss. Dr. Hassan saw claimant, ran some tests, and diagnosed claimant as suffering from post-traumatic stress syndrome with memory problems. Dr. Hassan recommended a psychiatric evaluation.

In a letter to Dr. Hassan, respondent denied payment of his examination charges, related test charges, and charges for any referrals he might make. The respondent felt the complaints which Dr. Hassan was treating were unrelated to claimant's compensable work-related injury. A copy of this letter was sent to claimant. In a later letter, claimant was advised of the respondent's formal denial of workers' compensation coverage for the treatment ordered by Dr. Hassan. In a letter to the respondent, Dr. Pollock stated claimant's post-traumatic stress syndrome

would be related to his compensable injury and that a psychiatric opinion would be worthwhile.

Later, claimant filed an application for a hearing to address matters of medical treatment. At the hearing, the ALJ ordered the respondent to pay the charges for Dr. Hassan's examination and ordered tests as authorized medical expenses. The ALJ also authorized Dr. Hassan as the treating physician with the power to refer claimant for further treatment.

Subsequently, the respondent moved for a determination by the ALJ that all payments had been made pursuant to the settlement agreement with claimant and that no further permanent partial disability or medical payments were due after August 2, 1990.

At the hearing, claimant argued that because of the respondent's refusal to pay the expenses stemming from his visit to Dr. Hassan until it was ordered to pay them, he lost more than a year of medical expense coverage under the settlement agreement. The respondent refused to extend medical coverage beyond the ending date specified in the settlement agreement so that Dr. Hassan and any physicians to whom he referred claimant could complete their evaluations and treatment. Claimant delayed seeking treatment until the ALJ decided whether to extend the settlement's medical coverage by a minimum of 17 months, whether to order the respondent to pay all doctor-ordered prescriptions and therapy, and whether to allow the use of the $350 unauthorized medical coverage if needed.

The respondent replied it had paid for Dr. Hassan's examination and test charges as ordered by the ALJ. Although Dr. Hassan was designated as the treating physician in March 1990, claimant had not, to the respondent's knowledge, returned to Dr. Hassan. The respondent further argued medical payments could not be extended under the award made in 1984, and the loss of medical payments in the last five months of this award was due to delay by claimant, not by the respondent.

Claimant further argued that Dr. Hassan's initial evaluation called for his return in six months, beyond the date medical payments were to expire pursuant to the settlement. Additionally, claimant argued Dr. Hassan did not know how long claimant would be in treatment for his diagnosis because he did not know

what referrals would be necessary. Claimant did not want to start treatment for which the respondent would refuse to pay.

The ALJ's order provided that although the parties stipulated claimant was entitled to 314.91 weeks of medical treatment pursuant to the settlement, claimant did not receive this period of treatment because the respondent began denying coverage April 19, 1989. According the the ALJ, claimant thus had 67 weeks of medical coverage remaining. The ALJ ordered medical treatment at the respondent's expense from August 23, 1990, to December 6, 1991. Dr. Hassan was again authorized by the ALJ as the treating physician, and the medical coverage included any tests, referrals, and prescriptions he might order.

The director vacated the order of the ALJ. The director found that pursuant to the parties' settlement agreement, medical benefits were to terminate in August 1990, and the ALJ exceeded his authority in extending benefits beyond that date. Additionally, the director concluded pursuant to K.S.A. 44-527 that no proceeding may be instituted to set aside a written settlement agreement unless it is commenced within one year of the date the agreement is filed and approved by the director, and claimant's action began well beyond that time period.

At the hearing on the petition for judicial review, claimant argued the respondent breached the settlement agreement when it refused to pay the expenses related to the Hassan visit. Claimant therefore asked the court to declare the settlement null and void. In the alternative, claimant sought an extension of medical benefits under the settlement. The respondent claimed it denied only the expenses related to the Hassan visit on the ground they were incurred for a condition unrelated to the work injury.

The district court affirmed the director's order vacating the ALJ's order, concluding the action taken by the ALJ extending benefits was not within ALJ jurisdiction pursuant to K.S.A. 1991 Supp. 44-551(b)(2)(A) and K.S.A. 44-527.

## Modification of Settlement

Claimant and the respondent essentially disagree over whether the one-year time limitation in K.S.A. 44-527 for seeking to set aside or modify a settlement agreement is applicable to the award entered in this case in 1984. Claimant argues the agreement he

entered with the respondent is not merely a settlement between two parties because its provisions were made into an award entered by the ALJ at a settlement hearing. Claimant urges the award may therefore be challenged beyond one year from its entry, pursuant to K.S.A. 1991 Supp. 44-528.

The respondent argues that it is immaterial whether the compensation was provided only by an agreement between the parties or by an award entered at a settlement hearing because the K.S.A. 44-527 time limitation applies in either instance. According to respondent, because claimant failed to file his action seeking modification of the award within a year of its entry, the action is barred and the ALJ was without jurisdiction to extend medical coverage under the award.

According to K.A.R. 51-3-1, there are four means of terminating compensable cases.

"51-3-1. Methods of termination. Compensable cases shall be determined and terminated only by four modes of procedure under the act:

(a) by filing a settlement agreement, final receipt and release of liability as provided by K.S.A. 44-527;

(b) by hearing and written award;

(c) by joint petition and stipulation subject to 51-3-16; or

(d) by settlement hearing before an administrative law judge."

Here, the issue is if the compensation paid to claimant was paid pursuant to a settlement agreement filed with the director (method [a] above also known as a "Form D release") or pursuant to an award entered by an ALJ at a settlement hearing (method [d] above). If claimant's compensation claim was terminated by an award entered at a settlement hearing, the issue then becomes whether the one-year limitation in K.S.A. 44-527 is applicable to settlement awards as well as settlement agreements.

Claimant's claim for compensation was clearly determined and terminated by an award entered at a settlement hearing before the ALJ. The transcript from this hearing plainly shows the ALJ entered an award in favor of claimant which followed the terms agreed upon by the parties in their settlement sheet. The settlement sheet itself contains a section labelled "AWARD," which states that an award is entered in favor of claimant pursuant to the terms of the compromise settlement between the parties. No Form D release was filed in this case. There is a distinction

between terminating a compensation claim by merely filing a settlement agreement or Form D release with the director and by holding a settlement hearing before an ALJ where an award is entered. See Kansas Workers' Compensation Handbook §§ 14.11A and 14.12B (1990) ("Because of the vulnerability of the Form D release and the uncertainty as to its finality, the most common procedure for settlement is to have a friendly hearing before an administrative law judge with a court reporter present.").

Because claimant was awarded compensation at a settlement hearing, the next question is whether an action to set aside or modify this award is subject to the one-year limitation in K.S.A. 44-527, or whether such an action may be instituted at any time for good cause shown pursuant to K.S.A. 1991 Supp. 44-528(a).

"44-527. Final receipts.

. . . .

"The director shall accept, receipt for, and file every agreement, finding, award, agreement modifying an award, final receipt for compensation or release of liability or copy thereof, and record and index same, and every such agreement, finding, award, agreement modifying an award, final receipt or release, shall be considered as approved by the director and shall stand as approved unless said director shall, within twenty (20) days of the date of the receipt thereof, disapprove same in writing and notify each of the parties of his disapproval, giving his reasons therefor, sending a copy of the same to each of the parties by registered mail: *Provided, No proceedings shall be instituted by either party to set aside any such agreement, release of liability, final receipt for compensation or agreement modifying an award, unless such proceedings are commenced within one (1) year after the date any such agreement, release of liability, final receipt for compensation or agreement modifying an award has been so filed and approved by the director."* (Emphasis added.)

"44-528. **Review and modification of awards; reinstatement; cancellation; effective date.** (a) *Any award* or modification thereof agreed upon by the parties, except lump-sum settlements approved by the director or administrative law judge, whether the award provides for compensation into the future or whether it does not, *may be reviewed by the director for good cause shown* upon the application of the employee, employer, dependent, insurance carrier or any other interested party. In connection with such review the director may appoint one or two health care providers to examine the employee and report to the director. The director shall hear all competent evidence offered and if the director finds that the award has been obtained by fraud or undue influence, that the award was made without authority or as a result of serious misconduct, that the award is excessive

or inadequate or that the functional impairment or work disability of the employee has increased or diminished, the director may modify such award, or reinstate a prior award, upon such terms as may be just, by increasing or diminishing the compensation subject to the limitations provided in the workers compensation act." (Emphasis added.)

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. [Citation omitted.]" *Director of Taxation v. Kansas Krude Oil Reclaiming Co.,* 236 Kan. 450, 455, 691 P.2d 1303 (1984).

"It is the intent of the legislature that the workers compensation act shall be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder." K.S.A. 1991 Supp. 44-501(g).

We found no published Kansas cases which squarely deal with this particular issue under current workers compensation statutes. However, a plain reading of the statutes and the director's administrative regulations, along with consideration of two older Kansas cases, support a conclusion that an award entered at a settlement hearing before an ALJ may be challenged pursuant to K.S.A. 1991 Supp. 44-528(a).

In *Farr v. Mid-Continent Lead & Zinc Co.,* 151 Kan. 51, 98 P.2d 437 (1940), our Supreme Court considered G.S. 1935, 44-527 and 44-528, predecessors to the current Kansas Statutes Annotated of the same number. The claimant and respondent filed a joint petition and stipulation with the workers compensation commission in which both parties agreed to the amount of compensation due claimant for his work-related injury. The stipulation expressly stated the commissioner could enter an award based on the agreement without notice and formal hearing. The commissioner did so and a final receipt of payment was filed with the commissioner. Approximately six months later, the claimant filed a letter with the commission requesting that the settlement be set aside on the ground of mutual mistake and fraud. The commission modified the award and the district court affirmed. 151 Kan. at 52-56.

260

On appeal, the respondent argued the commission's modification of the award was precluded by G.S. 1935, 44-528. This statute was substantially similar to K.S.A. 1991 Supp. 44-528 except for a provision limiting a request for review or modification of an award to any time before, but not after, final payment under the award. The commissioner and the district court had held modification permissible under the one-year limitation in G.S. 1935, 44-527, which was virtually identical to the one-year provision in K.S.A. 44-527. 151 Kan. at 56-57.

The *Farr* court first found the action of the commission which resulted in compensation being paid to the claimant to be an award, and then concluded that pursuant to G.S. 1935, 44-528, the commission had no power to modify the award because claimant's request was made after final payment on the award had been made. It then considered the one-year limitation in G.S. 1935, 44-527. 151 Kan. at 58-62. The court stated:

"While in the proviso limiting the time within which an action to set aside might be brought to one year, 'agreement, release of liability, final receipt for compensation, and agreement modifying an award' are mentioned, 'award' is not mentioned. This leads us to the conclusion that the legislature did not contemplate that any proceeding could be brought to set aside or overthrow in any way an award except as provided in G.S. 1935, 44-528." 151 Kan. at 62.

See *Jennings v. Aylward Production Co.,* 151 Kan. 142, 144-45, 98 P.2d 454 (1940) (following *Farr*).

*Franklin v. Watkins, Inc.,* 190 Kan. 374, 375 P.2d 618 (1962), also supports the conclusion that the one-year limitation in K.S.A. 44-527 does not apply to an action to set aside or modify an award entered by an ALJ at a settlement hearing.

In *Franklin,* our Supreme Court said:

"[W]e are convinced that the provisions of G.S. 1949, 44-527, apply only to final receipts and releases of liability and awards—as distinguished from an award of an examiner—and that under G.S. 1957 Supp. 44-551, the finding and decision of the examiner was subject to review and approval by the commissioner, and that the twenty-day period mentioned in G.S. 1949, 44-527, has no application to the matter involved." 190 Kan. at 375.

While *Franklin* does not specifically deal with the one-year limitation in the earlier version of K.S.A. 44-527, the court's holding expressly differentiates between awards entered by an

examiner (now an ALJ) and "final receipts and releases of liability and awards." This differentiation strongly implies that modification of. any award entered at a hearing before an ALJ is not governed by the one-year limitation of K.S.A. 44-527. More persuasive is the decision in *Farr*, which points out the absence of "award" in the one-year limitation clause of G.S. 1935, 44-527. Likewise, "award" is absent from this clause in K.S.A. 44-527, a strong indication that the legislature still intends K.S.A. 1991 Supp. 44-528, and not K.S.A. 44-527, to govern actions to modify any award entered by an ALJ. K.A.R. 51-3-1 also supports this conclusion. Only method of termination (a), filing a settlement agreement, final receipt, and release of liability, is expressly made subject to K.S.A. 44-527. The remaining methods (hearing and written award; joint petition and stipulation; settlement hearing before an ALJ) are not expressly made subject to this statute.

The respondent argues to us that an award entered at a settlement hearing "has no inherent right to review and modification," while "a written award entered after a full hearing on the merits of a case . . . has the right to review and modification attached to it by K.S.A. [1991 Supp.] 44-528." Respondent, however, cites no authority for this proposition. The respondent does cite K.S.A. 44-531 as authority for "[o]nce a settlement hearing is held pursuant to the requirements of K.A.R. 51-3-9, all rights under the Workers' Compensation Act, not otherwise specifically preserved, are given up and review and modification is no exception." Reliance on K.S.A. 44-531 is misplaced. This statute concerns an employer's redemption of liability by payment of compensation in a lump sum. K.S.A. 44-531(a) states the employer is "released and discharged of and from all liability . . . [only] for that portion of the employer's liability redeemed under this section." This proviso does not prevent review and modification of the settlement award to claimant because the respondent did not redeem or lump sum the award; it made weekly payments on the balance after paying a sum of $1,614.24. See K.S.A. 1991 Supp. 44-528(a) (any award or modification thereof agreed upon by the parties, except lump-sum settlements approved by the director or ALJ, may be reviewed by the director for good cause shown). Under the statutory scheme discussed here, when a settlement hearing is held before

an ALJ and an award for compensation is entered, the award is subject to review and modification under K.S.A. 1991 Supp. 44-528. The ALJ had the authority to review and modify the award entered in favor of claimant at the 1984 settlement hearing.

### Grounds for Modification

Claimant basically argues the respondent breached the settlement agreement by refusing to pay the charges related to his visit with Dr. Hassan, and this breach is grounds for modification of the original award under K.S.A. 1991 Supp. 44-528(a). Claimant requests either that the case be remanded to the district court for consideration of modification pursuant to this statute or that claimant be awarded open-ended medical benefits for the respondent's breach. The respondent claims that its actions were not a breach of the settlement agreement.

The director's order reviewing the ALJ's order extending claimant's medical benefits stated the ALJ order was a preliminary award entered pursuant to K.S.A. 1991 Supp. 44-534a and that pursuant to K.S.A. 1991 Supp. 44-551(b)(2)(A), the award could be reviewed only if the ALJ exceeded its authority. The director concluded that under K.S.A. 44-527 the ALJ had exceeded its authority and vacated the award extending benefits. The extension ordered by the ALJ, however, was not done at a preliminary hearing held pursuant to K.S.A. 1991 Supp. 44-534a where the claimant had requested medical treatment or temporary total disability compensation pending the conclusion of a full hearing on a claim. The extension was actually awarded at a hearing on the respondent's motion for a determination that it had completed all payments pursuant to the original settlement award. At this hearing, claimant made arguments for what was essentially an award modification pursuant to K.S.A. 1991 Supp. 44-528(a), and the ALJ ordered that medical benefits be extended. The director's review of the modifying order and the district court's subsequent affirmance did not consider whether grounds for modification exist under K.S.A. 1991 Supp. 44-528(a).

The issue that must be resolved is whether grounds for modification of the award exists under 44-528(a). " 'Our decisions are replete that the Work[ers] Compensation Act undertook to cover every phase of the right to compensation and of the procedure

for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration.' [Citation omitted.]" *Bitnoff v. Southwest Rendering,* 223 Kan. 334, 336, 573 P.2d 1033 (1978).

The statutory language of 44-528(a) is clear there is no express time limit for reviewing an original award. *Morris v. Kansas City Bd. of Public Util.,* 3 Kan. App. 2d 527, 530, 598 P.2d 544 (1979).

"There is no doubt . . . that the purpose of the modification and review statute was to save both the employer and the employee from original awards of compensation that might later prove unjust because of a change for the worse or better in a particular claimant's condition. [Citations omitted.] These cases indicate that the statute represents legislative recognition of the difficulty in ascertaining the extent of a claimant's condition at the time of entering an award of compensation, so that at a future date it might become necessary to modify an original award upon a finding that the award was excessive or inadequate. The burden of establishing the changed conditions is on the party asserting them." 3 Kan. App. 2d at 531.

K.S.A. 1991 Supp. 44-528(a) does not require that the disability of the worker change for an award to be modified; the statute allows the director to order relief if "the award is excessive *or* inadequate *or* that the functional impairment or work disability of the employee has increased or diminished." (Emphasis added.) See 3 Kan. App. 2d at 531-32.

Here, the only ground listed in 44-528(a) which could be a ground for modifying the original award entered in 1984 is inadequacy of the award; there are no allegations or evidence in the record of the existence of other grounds. The 1984 award allowing for medical benefits only until the completion of disability payments in August 1990 may be inadequate due to Dr. Hassan's diagnosis of and referral for possible post-traumatic stress syndrome late in the benefits period. There is evidence in the record to support a finding that any post-traumatic stress syndrome experienced by claimant would be related to the compensable injury he suffered while in the respondent's employ. Such a late diagnosis of a condition resulting from a work-related injury could mean medical coverage pursuant to the 1984 award would expire before treatment for that condition was complete.

The ALJ did order the respondent to pay the expenses of claimant's visit to Dr. Hassan and did designate Dr. Hassan as

the treating physician with the authority to refer claimant for a psychological examination. While the respondent never appealed this order, neither did claimant seek a referral within the medical benefits period of the original award. Both the director and the district court on judicial review, concentrating on ALJ authority under K.S.A. 44-527, failed to consider whether the medical benefits provided in the 1984 award were inadequate under these factual circumstances. Therefore, the district court's judgment is reversed and remanded with instructions to remand to the director for consideration of whether the original award providing medical benefits only to August 1990 is inadequate.

Reversed and remanded with instructions.