(59 P.3d 1050)
No. 88,944

LARRY COFFMAN, *Claimant/Appellee*, v. STATE OF KANSAS, *Respondent/Appellant*, and STATE SELF-INSURANCE FUND, *Insurance Carrier/Appellant*.

Opinion filed December 27, 2002.

*Scott M. Gates*, of Kansas Department of Administration, for appellants.

*Roger D. Fincher*, of Bryan, Lykins, Hejtmanek & Fincher, P.A., of Topeka, for appellee.

Before GERNON, P.J., KNUDSON, J., and LARSON, S.J.

KNUDSON, J.: The respondent, State Self-Insurance Fund (Fund), appeals from a review and modification award finding Larry Coffman to be permanently totally disabled. The issues on appeal are whether there is substantial competent evidence to sup-

port the Workers Compensation Board (Board) finding of a change in Coffman's physical condition supporting a modification of his previous award and, in the alternative, whether the Fund should be estopped to deny Coffman is permanently totally disabled.

We affirm the Board's decision because a change in the claimant's physical condition was supported by evidence rendering the original award inadequate. However, we do not agree estoppel was applicable.

Underlying the issues before the Board and this court is a rather unique set of facts. Coffman injured his back at work in 1994, with a secondary injury to his left knee in 1995. His treating physician, Dr. William Jones, testified Coffman could conceivably perform a desk job with alternate periods of sitting and standing. When asked whether he believed Coffman was permanently and totally disabled, Dr. Jones gave confusing and somewhat conflicting responses. He denied formulating an opinion that Coffman was permanently and totally disabled, but then said he agreed with Coffman's contention that Coffman could not do any work. In 1998, an administrative law judge (ALJ) entered an award of $100,000 (the statutory limit) based on a finding of 81% permanent partial disability to the body as a whole. Computation of permanent partial disability was based on findings of a 62% work task loss and a 100% wage loss.

In 2001, Coffman brought this application for review and modification, contending Dr. Jones had found him to be permanently and totally disabled. In his deposition, Dr. Jones acknowledged Coffman's functional disability had not changed since the original award. When asked to explain his seemingly inconsistent testimony given in support of the first award, Dr. Jones explained, "I believe I was reluctant to say that he was permanently disabled at that time because I thought that there still might be a chance that improvement might occur over time." Dr. Jones concluded Coffman would not have been able to engage in substantial gainful employment in 1998 due to his inability to perform any activity for more than a few minutes a time and that "since 1998, there's been no—basically no change in his condition, from my standpoint at least, with respect to working." However, Dr. Jones also testified to additional

arthritic degeneration in Coffman's knees and that he was experiencing more pain in his back and knees since 1998. Based upon Coffman's change in condition, Dr. Jones came to the opinion Coffman had become permanently and totally disabled.

The Board made two general findings to support its award. First, the Fund was estopped from asserting Coffman was 100% disabled in 1998, an assertion contrary to the Fund's position when the original award for permanent partial disability benefits was entered. Second, Coffman's condition had worsened, even though there was no change in his functional impairment, restrictions, or employment status. The Board concluded the change in Coffman's physical condition supported a modification of the underlying award to one of permanent total disability.

## STANDARD OF REVIEW

An appeal from an action of the Board is subject to review in accordance with the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, K.S.A. 2001 Supp. 44-556(a). The party asserting the invalidity of the Board's action, the State in this case, has the burden of proof. K.S.A. 77-621(a)(1). K.S.A. 77-621(c) limits this court's review to certain questions of law, including the following which apply to this case:

"(4) the agency has erroneously interpreted or applied the law;
. . . [or]
"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act."

Regarding whether there is substantial competent evidence to support a decision of the Board, the Kansas Supreme Court has stated:

"In workers compensation cases, substantial evidence is evidence possessing something of substance and relevant consequence and carrying with it fitness to induce conviction that the award is proper, or furnishing a substantial basis of fact from which the issue tendered can be reasonably resolved. The substantial competent evidence test reviews the evidence in the light most favorable to the pre-

vailing party." *Griffin v. Dale Willey Pontiac-Cadillac-GMC Truck, Inc.*, 268 Kan. 33, 34, 991 P.2d 406 (1999).

## DISCUSSION

### K.S.A. 44-528(a)

The State argues there was not a sufficient change in circumstances to justify the Board's modification of Coffman's original award. The review and modification of a workers compensation award is addressed in K.S.A. 44-528(a), which states, in part:

> "Any award . . . may be reviewed by the administrative law judge for good cause shown upon the application of the employee . . . . The administrative law judge shall hear all competent evidence offered and if the administrative law judge finds . . . that the award is excessive or inadequate or that the functional impairment or work disability of the employee has increased or diminished, the administrative law judge may modify such award, or reinstate a prior award, upon such terms as may be just, by increasing or diminishing the compensation subject to the limitations provided in the workers compensation act."

The Kansas Supreme Court has interpreted K.S.A. 44-528(a) to require evidence of a change in a claimant's condition before an award should be modified. In *Gile v. Associated Co.*, 223 Kan. 739, 740, 576 P.2d 663 (1978), the Kansas Supreme Court stated: "Any modification is based on the existence of new facts, a changed condition of the workman's capacity, which renders the former award either excessive or inadequate." To determine whether a modification should be made, the claimant's condition at the time of the award must be compared to his or her condition at the time the modification is sought. 223 Kan. at 741. The party asserting the changed conditions has the burden of proving them. *Morris v. Kansas City Bd. of Public Util.*, 3 Kan. App. 2d 527, 531, 598 P.2d 544 (1979).

Here, there is no evidence that Coffman's functional impairment has changed. Dr. Jones specifically testified at the second deposition that he had not issued a new functional impairment rating. However, there is some evidence that Coffman's work disability has changed. "Work disability is: (a) The extent to which the ability of the employee to perform work in the open labor market has been reduced, and, (b) the extent to which the ability of the worker

to earn comparable wages has been reduced." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 417, 799 P.2d 1011 (1990). Although at his second deposition Dr. Jones testified he had not imposed any new restrictions on Coffman, at his first deposition, Dr. Jones agreed that Coffman might be able to perform a job that provided alternate periods of sitting and standing. At his second deposition, Dr. Jones stated Coffman was permanently and totally disabled. Thus, by Dr. Jones' testimony, Coffman's ability to perform work in the open market had been reduced.

The Board found Coffman's original award was inadequate because Coffman's condition had changed. In *Redgate v. City of Wichita*, 17 Kan. App. 2d 253, 836 P.2d 1205 (1992), the claimant reached a settlement agreement with the respondent to make weekly payments of his award for 315 weeks. During this time, the respondent agreed to pay for the claimant's medical expenses connected with the incident. Near the end of the payment period, the claimant was diagnosed with having post-traumatic stress syndrome and memory loss. The respondent resisted paying for these medical expenses, and the claimant delayed further treatment for his mental illness. The respondent also refused to pay for the claimant's medical expenses incurred after the payment period had ended. Due to these circumstances, the claimant argued the respondent had breached the settlement agreement, thus providing sufficient grounds for the modification of the award.

The *Redgate* court noted that K.S.A. 44-528(a) does not require a change in a worker's disability before an award may be modified, noting the disjunctive language of the statute: "[T]he statute allows the director to order relief if 'the award is excessive *or* inadequate *or* that the functional impairment or work disability of the employee has increased or diminished.' " 17 Kan. App. 2d at 263 (citing *Morris*, 3 Kan. App. 2d at 531-32). The original award could be considered inadequate due to the doctor's late diagnosis of the claimant's post-traumatic stress disorder, the treatment of which would not be covered under the terms of the settlement agreement. 17 Kan. App. 2d at 263. Because the district court had not considered whether the award was indeed inadequate, the case was

remanded so the director could address that issue. 17 Kan. App. 2d at 264.

Here, the Board found Dr. Jones' notes from an appointment on December 7, 1999, showed Coffman's condition had changed. These notes stated that Coffman's knee discomfort had grown worse, and the x-rays revealed moderate advanced osteoarthritic changes in his knees.

Although this is a change in Coffman's condition, the State argues Coffman's worsening knees had no impact on Coffman's ability to work because, according to Dr. Jones, Coffman's back condition already rendered him unable to work in 1998. Thus, the State argues these changes should have no impact on Coffman's original award. However, as held in *Redgate*, Coffman does not have to prove his ability to work has changed. He need only show there has been a change in his condition which renders the original award inadequate. We conclude Dr. Jones' testimony and exam notes are substantial competent evidence supporting the Board's decision.

*Estoppel*

Notwithstanding our holding that substantial competent evidence supports the Board's decision, we wish to address the Board's conclusion that the Fund should be estopped from arguing Coffman's condition changed subsequent to the first award. The Fund argues the Board erred since estoppel was neither raised nor addressed by the parties as an issue in the case.

K.S.A. 2001 Supp. 44-551(b)(1) provides:

"All final orders, awards, modifications of awards, or preliminary awards under K.S.A. 44-534a and amendments thereto made by an administrative law judge shall be subject to review by the board upon written request of any interested party . . . . On any such review, the board shall have authority to grant or refuse compensation, or to increase or diminish any award of compensation or to remand any matter to the administrative law judge for further proceedings."

In *Solis v. Brookover Ranch Feedyard, Inc.*, 268 Kan. 750, 753, 999 P.2d 921 (2000), the appellant contended the Board did not have authority to review an issue which the claimant failed to appeal. The Kansas Supreme Court dismissed this argument, stating:

"K.S.A. 44-551(b)(1) does not limit the Board's scope of review to issues raised in the written request for review. Rather, once a party files a written request for review of the administrative law judge's decision, the Board has the authority to address every issue decided by the administrative law judge. [Citations omitted.]" 268 Kan. at 753.

In this case, the ALJ did not decide the issue of estoppel. In fact, the issue was never raised by the parties. Under the Kansas Code of Civil Procedure, K.S.A. 60-101 *et seq.*, estoppel is an affirmative defense which must be specifically pled or it is waived. See *Turon State Bank v. Bozarth*, 235 Kan. 786, 788, 684 P.2d 419 (1984); K.S.A. 2001 Supp. 60-208(c). With the exception of jurisdictional questions, affirmative defenses cannot be raised by the court, and consideration of such defenses constitutes error. *Frontier Ditch Co. v. Chief Engineer of Div. of Water Resources*, 237 Kan. 857, 864, 704 P.2d 12 (1985). We hold that this rule of law should be extended to workers compensation cases.

Alternatively, there is insufficient evidence to support a finding of equitable estoppel. "Equitable estoppel exists when a party by its acts, representations, admissions, or silence induced another party to believe certain facts existed upon which it detrimentally relied and acted." *Turon State Bank*, 235 Kan. 786, Syl. ¶ 2. There is no evidence to support findings of inducement by the Fund or detrimental reliance by Coffman. Any inconsistency in the Fund's position from the primary litigation to the secondary litigation is inherent under the issues and in an adversarial proceeding. The Board clearly erred in applying estoppel to the fact pattern of this case.

Affirmed.