NOT DESIGNATED FOR PUBLICATION

No. 123,524

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

The BANK OF NEW YORK MELLON f/k/a The BANK OF NEW YORK as Trustee for the
Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-42CB Mortgage Pass-
Through Certificates, Series 2005-42CB,
*Appellee*,

v.

GUILLERMO LUNA AND LOURDES LUNA,
*Appellants*.

MEMORANDUM OPINION

Appeal from Johnson County District Court; JAMES CHARLES DROEGE, judge. Opinion filed
November 19, 2021. Affirmed.

*Charles S. Scott Jr.*, of Shawnee, for appellants.

*Aaron M. Schuckman*, of Millsap & Singer, LLC, of St. Louis, Missouri, for appellee.

Before SCHROEDER, P.J., WARNER and ISHERWOOD, JJ.

PER CURIAM: Guillermo and Lourdes Luna failed to make payments on a
mortgage held by the Bank of New York Mellon (Bank). The Bank filed a petition for
foreclosure on the property subject to the mortgage. Prior to the district court's decision in
the foreclosure action, the Lunas clandestinely conveyed that property to Las Cumbres,
LLC (Las Cumbres) through a quitclaim deed. Guillermo Luna is a registered agent of
Las Cumbres. The district court granted the Bank's motion for summary judgment on the
foreclosure action and the Lunas filed a motion for relief from judgment, arguing they
were not subject to judgment because they no longer owned the property. Their motion

1

was denied. The Lunas bring the matter to us and present two arguments. First, they contend that the district court's judgment is invalid because at the time it entered its order, the Lunas no longer had standing, and the court no longer had subject matter jurisdiction based on the conveyance of the property. Second, they argue that error occurred when the district court failed to add Las Cumbres as a necessary party to the action in violation of K.S.A. 2020 Supp. 60-219. We are not persuaded. Our analysis of the case reveals that the district court had subject matter jurisdiction over the foreclosure action and, although Las Cumbres may be considered a necessary party to obtain clear title, error did not result from its absence from this action. The decision of the district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2005, the Lunas executed a promissory note for $177,000 with First Magnus Financial Corporation. They executed a separate mortgage for an Overland Park property (the Property) that they owned and used as a rental property. The Property was intended to serve as collateral for the note. First Magnus Financial Corporation later assigned the Lunas' mortgage and note to the Bank.

Beginning November 1, 2011, the Lunas failed to make their mortgage payments. Two years later, the Bank filed a foreclosure action on the Property and sought an in personam judgment against the Lunas. In 2013 and 2015, the Lunas petitioned for bankruptcy and, on both occasions, listed the Property as an asset in their bankruptcy filings.

The Bank moved for summary judgment in the foreclosure action. On April 19, 2018, the court conducted a hearing on the motion and took the matter under advisement at the conclusion of the proceedings. Following the hearing, the Lunas surreptitiously conveyed the Property to Las Cumbres, a Missouri entity, through a quitclaim deed. In exchange, Las Cumbres paid the Lunas $10. Las Cumbres did not register in Kansas until

2

May 2019, and Guillermo Luna was listed as its registered agent. Notably, during December 2018 and January 2019, the Lunas told the district court they were seeking to refinance their loan on the Property. They did not disclose to the court that they conveyed the Property to Las Cumbres shortly after the summary judgment hearing six months earlier.

The district court granted the Bank's motion for summary judgment and entered a judgment of foreclosure for the Bank on June 19, 2019. The Bank's relief was in rem.

The Lunas filed a motion for relief from judgment under K.S.A. 2020 Supp. 60-260(b)(4) and argued that following the conveyance, they no longer had standing, and the district court lacked subject matter jurisdiction to enter a ruling on the Bank's foreclosure motion. They also argued that the district court lacked subject matter jurisdiction because it neglected to add Las Cumbres as a necessary party to the foreclosure action. The Property was sold at a sheriff's sale before the court ruled on the Lunas' motion.

The district court held a hearing on the motion for relief from judgment and the Lunas reiterated the arguments advanced in their written motion. They did acknowledge that the court had jurisdiction prior to the conveyance. The Bank claimed the Lunas waived their jurisdiction and necessary party arguments because they failed to raise them in response to either the Bank's petition or its summary judgment motion. Additionally, the Bank argued that Las Cumbres had actual notice of the pending litigation as it was the Lunas' personally registered company. Finally, the Bank asserted that by operation of Kansas' lis pendens (pending litigation) statute, K.S.A. 60-2201, Las Cumbres took the Property with notice and subject to the disposition of the case.

3

The Lunas' motion was denied. In entering its ruling, the district court remarked that it sounded like "a put-up deal" and that the Lunas were "pretty much aware of the fact that the foreclosure is moving forward and that it's subject to being eventually going to judgment."

The Lunas timely appealed and seek our opinion on the matter.

ANALYSIS

DID THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED THE LUNAS'
MOTION FOR RELIEF FROM JUDGMENT?

The Lunas' position has not changed from what it was before the district court. They still contend that the district court did not have subject matter jurisdiction when it granted the foreclosure petition because, at that time, the property had been conveyed to Las Cumbres. According to the Lunas, they no longer had any interest in the property, effectively ending the case or controversy and, without that case or controversy, the court did not have subject matter jurisdiction.

*Preservation and Standard of Review*

The Lunas argue that this court has unlimited review because the issue is whether the district court had subject matter jurisdiction. In contrast, the Bank asserts that we should apply an abuse of discretion standard because the fundamental issue the Lunas are appealing is the propriety of the district court's denial of their motion for relief from judgment. The Bank is correct.

"This court reviews a trial court's decision on a K.S.A. 60-260(b) motion for abuse of discretion." *Board of Sedgwick County Comm'rs v. City of Park City*, 41 Kan. App. 2d 646, 658, 204 P.3d 648 (2009). "'Abuse of discretion occurs when judicial action is (1)

4

arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.'" *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018) (quoting *Kaelter v. Sokol*, 301 Kan. 247, 250, 340 P.3d 1210 [2015]). "An appeal from an order denying a motion under K.S.A. 60-260(b) brings up for review only the order of denial itself and not the underlying judgment." *Ellis v. Whitaker*, 10 Kan. App. 2d 676, 677, 709 P.2d 991 (1985).

The Lunas raised this issue in their motion for relief from judgment, the district court denied the motion, and the Lunas timely appealed. The issue is properly preserved.

The Bank first argues that the Lunas waived the subject-matter jurisdiction argument. It cites K.S.A. 2020 Supp. 60-212(b)(1), which provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) Lack of subject-matter jurisdiction." The Bank contends that the Lunas waived this argument because they did not raise the subject matter jurisdiction argument until after the district court granted the Bank's summary judgment motion on the petition for foreclosure.

To support the waiver argument, the Bank cites to two cases that found waiver of the affirmative defense of estoppel where the defendant failed to raise it in the responsive pleading: *Turon State Bank v. Bozarth*, 235 Kan. 786, Syl. ¶ 1, 684 P.2d 419 (1984) (finding estoppel argument waived unless pled in responsive pleading, but holding that estoppel was pled because appropriate facts for estoppel argument were included in pretrial documents), and *Coffman v. State*, 31 Kan. App. 2d 61, 67, 59 P.3d 1050 (2002) (finding estoppel argument waived when not raised before an administrative law judge).

That said, the notable distinction here is that subject matter jurisdiction can be raised any time, by any party, or by the court on its own motion. *KNEA v. State*, 305 Kan. 739, 743, 387 P.3d 795 (2017); see also *Akesogenx Corp. v. Zavala*, 55 Kan. App. 2d 22,

5

37, 407 P.3d 246 (2017) (stating that unlike subject matter jurisdiction, complaints about venue may be waived since K.S.A. 60-212 lists venue as a defense that parties must raise in responsive pleading or motion). To that end, this issue was not waived.

The Lunas argue that the district court did not have subject matter jurisdiction when it ordered the Property's foreclosure. "Subject matter jurisdiction establishes the court's authority to hear and decide a particular action." *Sleeth v. Sedan City Hospital*, 298 Kan. 853, 868, 317 P.3d 782 (2014). "The requirement that a party have standing is a component of subject matter jurisdiction . . . ." *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 459, 447 P.3d 959 (2019) (citing *Sierra Club v. Moser*, 298 Kan. 22, 29, 310 P.3d 360 [2013]). "To demonstrate standing in Kansas, the traditional test is twofold: 'a person must demonstrate that he or she suffered a cognizable injury and that there is a causal connection between the injury and the challenged conduct.'" *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 908, 249 P.3d 434 (2011) (citing *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 761, 189 P.3d 494 [2008]). "The existence of jurisdiction and standing are both questions of law over which an appellate court has unlimited review." *Kansas Bldg. Industry Work Comp. Fund v. State*, 49 Kan. App. 2d 354, 364, 310 P.3d 404 (2013).

Kansas courts only have jurisdiction over "actual cases or controversies." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). The Lunas argue that the actual case and controversy had ended, leaving the district court without subject matter jurisdiction. A case or controversy is present when definite and concrete issues arise between parties with adverse legal interests, and those issues are immediate, real, and amenable to conclusive relief. 285 Kan. at 890-891. In Kansas, four factors must be present to satisfy the case or controversy requirement: (a) the parties must have standing; (b) the issues cannot be moot; (c) the issues must be ripe, having taken fixed and final shape rather than remaining nebulous and contingent; and (d) the issues cannot present a political question. 285 Kan. at 896.

6

The Lunas concede that subject matter jurisdiction existed prior to the Property's conveyance but argue that the transfer eliminated any immediate and adverse legal interest they had with the Bank. Thus, they lacked standing, and the district court did not have jurisdiction to proceed with its foreclosure order.

The Bank replies by pointing to K.S.A. 20-301, which provides: "There shall be in each county a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law, and also shall have such appellate jurisdiction as prescribed by law." This statute vests district courts with "subject matter jurisdiction over real estate foreclosure actions." *Wells Fargo Bank, Nat. Ass'n v. Aleteanu*, No. 108,926, 2013 WL 6062714, at *3 (Kan. App. 2013) (unpublished opinion); see also *Bank of New York Mellon v. Stebbins*, No. 118,968, 2019 WL 986003, at *3 (Kan. App. 2019) (unpublished opinion) (finding that, under K.S.A. 20-301, district court judges "had the legal power and authority to preside over the mortgage foreclosure proceedings and divorce proceedings assigned to their respective judicial divisions of the Johnson County District Court").

The Lunas and the Bank approach the subject matter jurisdiction issue from different perspectives which intersect when considering the impact of a conveyance on a mortgage.

> "Ordinarily a grantee of mortgaged property does not incur a personal liability for the payment of the mortgage debt, enforceable by the mortgagee, merely because he takes title subject to the mortgage and he is not personally liable to the mortgagee on the mortgage, in the absence of circumstances showing an agreement to discharge the debt." *Fourth National Bank v. Hill*, 181 Kan. 683, 695, 314 P.2d 312 (1957).

The Lunas have not pointed to any agreement to discharge the debt. So, though the Lunas transferred their interest in the Property to the grantee, Las Cumbres, the Lunas remained the obligors on the mortgage. "Promissory notes and mortgages are contracts between the parties . . . ." *Carpenter v. Riley*, 234 Kan. 758, 763, 675 P.2d 900 (1984); see also *Metlife Home Loans v. Hansen*, 48 Kan. App. 2d 213, 223, 286 P.3d 1150 (2012) (same). Thus, the district court, under K.S.A. 20-301, had subject matter jurisdiction over the mortgage and the Lunas' adverse legal relationship with the Bank continued. See *Jobe v. Jones*, No. 121,345, 2020 WL 6533286, at *1-2 (Kan. App. 2020) (unpublished opinion) (finding K.S.A. 20-301 granted the district court subject matter jurisdiction over a contract claim). A case or controversy exists, and the Lunas have standing because there is a causal relationship between the foreclosure action and their continuing obligation on the mortgage. As the Bank highlights, the district court's subject matter jurisdiction over the Lunas was two-fold: (1) they had a claim of interest as the record owners of the property that was subject to the foreclosure suit; and (2) they were the obligors/mortgagors under the note and mortgage that were being foreclosed.

The Bank makes two other arguments outlining why we should find that the district court had subject matter jurisdiction over the foreclosure action. First, it asserts that if the court chooses to accept the Lunas' position, "it would create a slippery slope in all future litigation whereby parties could unilaterally undertake post-petition actions up through the eve of a trial to manufacture an affirmative defense and suddenly eliminate a trial court's jurisdiction." Though the Bank does not cite authority for this proposition, to allow a party to effectively nullify a foreclosure order by conveying the mortgage's collateral to a corporation closely tied to the party unquestionably provides for an end-run around mortgagees.

The Kansas Legislature has enacted statutes proscribing similar conduct. For example, under K.S.A. 33-204(a)(1):

"(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(1) With actual intent to hinder, delay or defraud any creditor of the debtor."

Similarly, under K.S.A. 33-102:

"Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or execution, made or obtained with intent to hinder, delay or defraud creditors of their just and lawful debts or damages, or to defraud or to deceive the person or persons who shall purchase such lands, tenements, hereditaments, rents, goods or chattels, shall be deemed utterly void and of no effect."

The Kansas Supreme Court has likewise commented negatively on attempts to circumvent litigation by conveyance. In *Benton v. Benton*, 215 Kan. 875, 528 P.2d 1244 (1974), a grandmother sold a tract of land to her grandson. The grandson farmed the land and took out a mortgage to purchase an irrigation well. He made the first mortgage payment but then sought assistance from his grandmother. During this time, the grandson entered "some sort of association with one Doc Addison." 215 Kan. at 876. The grandson and Addison came into conflict. Addison claimed a partnership had formed and threatened to sue. The grandson then executed a quitclaim deed conveying the land back to his grandmother, using "the deed as a device to place the [land] beyond Doc's toils in the threatened litigation." 215 Kan. at 876. The grandson told his grandmother that he would continue to make the mortgage payments and that he planned to reacquire the deed after his conflict with Addison concluded. The grandmother testified that she was unaware that her grandson intended for the quitclaim deed to stymie Addison's potential litigation, though she admitted to being aware of Addison's threats. A while later, the grandson asked the grandmother to reconvey the deed and the grandmother refused.

9

Addison dropped any potential litigation and the grandmother filed suit, claiming "absolute ownership." 215 Kan. at 877.

The trial court found that the grandson's quitclaim conveyance to his grandmother was a sham transaction which aimed to escape a potential creditor. It also determined that the deed did not truly convey title to the grandmother. 215 Kan. at 878. The Kansas Supreme Court agreed. It explained that the trial court justifiably paid no further attention to the deed as it was a sham, intended to not actually convey anything. 215 Kan. at 878. The *Benton* court ultimately found that an equitable mortgage arose between the grandmother and grandson prior to execution of the quitclaim deed. 215 Kan. at 878-79.

We similarly refuse to condone and allow the Lunas to escape the consequences of a foreclosure action by conveying the Property to a company which, by all indications, they likely control. Our decision tracks with both Kansas statutes and the *Benton* court's handling of those who seek to evade creditors.

The Bank also argues that K.S.A. 60-2201(a), the lis pendens statute, highlights that the Kansas Legislature intended to prevent "third-parties from acquiring an interest in the subject matter of a lawsuit without deeming such parties as having notice of the proceedings and such interest being subject to the outcome of the suit." That provision reads as follows:

> "When a petition has been filed in the district court pursuant to chapter 60 of the Kansas Statutes Annotated, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's claim; but such notice shall be of no avail unless the summons be served or the first publication made within ninety (90) days after the filing of the petition." K.S.A. 60-2201(a).

10

Because "[w]ith only minor revisions, this *lis pendens* statute has been in effect in Kansas for more than one hundred years," the Bank is correct that the Kansas Legislature clearly intended to prevent a transfer of property that would circumvent creditor rights. See *In Re Terra Bentley II, LLC*, No. 09-23107-11, 2011 WL 1304480, at *9 (Bankr. D. Kan. 2011) (describing K.S.A. 60-2201 and noting the statute precluded a third party from acquiring an interest in a property that was superior to the interests of parties that filed a petition and counterclaim).

We conclude that the district court had subject matter jurisdiction during the foreclosure action because the Bank and the Lunas were involved in a case or controversy, and the law of this State runs contrary to the Lunas' proposed outcome. Thus, the district court properly exercised its discretion when it denied the Luna's motion for relief from judgment.

Our conclusion on this matter largely renders the Lunas' second issue moot. In that claim they argue that the district court abused its discretion in denying their motion for relief from judgment because after the conveyance, "there was no party in the action that had standing to protect Las Cumbres' interest in the property." But if the Lunas remained in the litigation after conveyance, then the Lunas were necessarily able to protect Las Cumbres' interest, particularly given the fact Guillermo Luna was the registered agent of Las Cumbres. See *Froelich v. Werbin*, 212 Kan. 119, 122, 509 P.2d 1118 (1973) (holding a principal is not required to be joined to an action involving the principal's agent).

Even if we were to delve into the merits of the claim, Las Cumbres was not joined in the action because of the Lunas' own conduct, which made the Bank unable, not unwilling, to request that Las Cumbres be joined as a necessary party.

K.S.A. 2020 Supp. 60-219(a)(1)(B)(i) addresses the joinder of necessary parties and states:

11

"(a) *Persons required to be joined if feasible.* (1) *Required party.* A person who is subject to service of process must be joined as a party if

. . . .

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) As a practical matter, impair or impede the person's ability to protect the interest." K.S.A. 2020 Supp. 60-219(a)(1)(B)(i).

"Necessary parties are those who must be included in an action either as plaintiffs or defendants unless there is a valid excuse for their nonjoinder." *City of Hutchinson v. Hutchinson*, 213 Kan. 399, 405, 517 P.2d 117 (1973) (quoting *Cities Serv. Oil Co. v. Kronewitter*, 199 Kan. 228, Syl. ¶ 1, 428 P.2d 804 [1967]).

Again, in our opinion, the facts surrounding the conveyance reflect a design and intent on the part of the Lunas to circumvent creditors. Here, the foreclosure action commenced in 2013. Las Cumbres was not formed until 2017. The court conducted a hearing on the Bank's summary judgment motion in April 2018 and the next month the Lunas quietly transferred the property to Las Cumbres. They continued to represent to the district court, however, that they were trying to refinance the mortgage when in truth, the Property had been transferred. The Lunas continued the ruse until they moved for relief from judgment.

Like *Benton*, the conveyance in this case was a sham transaction aimed at escaping potential creditors and, as such, it was void. *Benton*, 215 Kan. at 878. Las Cumbres was not a necessary party whom the district court was required to join under K.S.A. 2020 Supp. 60-219(a)(1)(B)(i).

Our review of the record reveals that the district court properly exercised its discretion when it denied the Lunas' motion for relief from judgment. They have failed to carry their burden to establish otherwise. The decision of the district court is affirmed.

Affirmed.